UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENDALL ELK LOOKS BACK,<br><br>Defendant. | 3:26-CR-30004-ECS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART MOTION TO SUPPRESS STATEMENTS AND DNA EVIDENCE |

Defendant, Kendall Elk Looks Back, filed a motion to suppress Defendant's statements from November 13 and 17, 2023, and DNA evidence. Docs. 28, 29. The motion was referred to Magistrate Judge Mark Moreno pursuant to D.S.D. Crim. LR 57.11(A)(2). Judge Moreno held a hearing on the motion and made a recommendation. Docs. 32, 40, 41. Judge Moreno recommended that (1) Defendant's in-house statements may be used for impeachment if Defendant testifies, (2) Defendant's statements en route to and at the hospital are admissible for any purpose at trial, (3) Defendant's statements at the jail are admissible for any purpose at trial, and (4) the DNA evidence is admissible if evidentiary foundation has been laid. Doc. 40.

On August 12, 2026, Defendant filed objections to the report and recommendation, arguing that his statements at the hospital and jail and the DNA evidence should be suppressed. Doc. 42. This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure. A court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Because

motions to suppress are considered dispositive matters, a magistrate judge's recommendation is subject to de novo review. 28 U.S.C. § 636(b)(1)(B)-(C). In conducting de novo review, this court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also United States v. Craft, 30 F.3d 1044, 1045 (8th Cir. 1994). This Court has conducted the required de novo review of Judge Moreno's Report and Recommendation. In this Court's opinion, all of Judge Moreno's findings and recommendations are well grounded in the facts and law and should be adopted.

Defendant argues that his statements made at the hospital were involuntary and obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). Doc. 42 at 3. Based on the totality of the circumstances, including law enforcement's actions and Defendant's characteristics, this Court finds Defendant's statements to be voluntary. See United States v. Rohrbach, 813 F.2d 142, 144 (8th Cir. 1987). Defendant made statements because he wanted to talk to calm himself and he wanted to make it known that he did not do anything to the alleged victim. This Court also does not find Defendant's statements to be obtained in violation of Miranda. "Law enforcement officials must administer Miranda warnings before interrogating individuals in their custody." United States v. Elzahabi, 557 F.3d 879, 883 (8th Cir. 2009) (citing United States v. Brave Heart, 397 F.3d 1035, 1038 (8th Cir. 2005)). Interrogation means "either express questioning or . . . any words or actions *on the part of the police* . . . that the police should know are reasonably likely to elicit an incriminating response from the [defendant]." Rhode Island v. Innis, 446 U.S. 291, 300–01 (1980) (emphasis added). A defendant may show that a third party acted as an instrument of the government for Miranda purposes if he shows "the government exercised such coercive power or such significant encouragement that it is responsible for their conduct, or that the exercised powers are the exclusive prerogative of the government." United

States v. Garlock, 19 F.3d 441, 443 (8th Cir. 1994) (citation modified). Accordingly, this Court finds that neither Defendant's statements generally made en route to or at the hospital, nor Defendant's responses to questions by medical staff in this instance were obtained in violation of Miranda. Thus, this Court overrules Defendant's objection related to the statements made at the hospital.

Defendant also argues that his statements at the jail and the collection of his DNA were not voluntary. Doc. 42 at 4–5. Defendant's argument that the statement was involuntary mostly relates to the fact that he was experiencing anxiety at the time of the interrogation and had experienced suicidal ideations prior to the interview. Id. at 4. This Court has conducted a de novo review of the record and finds Defendant's statements at the jail to be voluntary. See United States v. Galceran, 301 F.3d 927, 931 (8th Cir. 2002) (per curiam) (addressing voluntariness of statements when defendant alleges to be suffering from mental illness). As to the DNA collection, Defendant argues that it was involuntary and the agent minimized the impact of the DNA swab. Doc. 42 at 5. Under this Court's de novo review, it finds that the minimization of the impact of the DNA swab in this instance did not amount to a constitutional violation and Defendant's will was not overborne. Thus, this Court overrules Defendant's objections related to the statements made at the jail and the DNA evidence. Accordingly, it is

ORDERED that the Report and Recommendation on Motion to Suppress Statements and DNA Evidence, Doc. 41, is adopted in full. It is further

ORDERED that Defendant's Objections to Report and Recommendation on Motion to Suppress Statements and DNA Evidence, Doc. 42, are overruled. It is finally

ORDERED that Defendant's Motion to Suppress Statements, Doc. 28, are granted in part and denied in part, consistent with this order.

DATED this 24 day of August, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE